FILED
06/28/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT  NASHVILLE
May 24, 2018 Session

## LASONYA ROBERTSON ET AL. v. CLARKSVILLE-MONTGOMERY COUNTY SCHOOL SYSTEM ET AL.

**Appeal from the Circuit Court for Montgomery County**
**No. 15-CV-1954     Ross H. Hicks,  Judge**

### No. M2017-02492-COA-R3-CV

BRANDON O. GIBSON, J., dissenting.

I must respectfully dissent from the majority's opinion in this case.

The evidence presented at trial indicates that the school system's "mopping policy" was actually part of a larger "Departmental Safety Program" directed toward all Clarksville-Montgomery County School System employees. For the "Custodial Department," the program provided, "[w]hen mopping floors, cleaning up spills, or anytime the floor becomes wet for whatever reason, always put the wet floor signs out until the area is completely dry." For "Professional Staff," the program provided, "[a]lways pay close attention to wet floor signs or wet floor conditions to avoid slips and falls."

Ms. Robertson testified that she did not see the wet-floor signs. In order to fully understand the scene, the photographs submitted at trial are helpful.[1]

---

[1]The photographs contained herein have been cropped from the originals contained in the appellate record.



Ms. Robertson testified at trial that the photo above "appears that it was taken from the door of [her] classroom." The photo below shows the same sign and a second sign a few feet to the right.

2



FILED

JAN 2 4 2018

Clerk of the Appellate Courts
Rec'd By

Ms. Robertson testified that the photo above could have been taken either from her door or from the classroom door next to hers. The photographs that follow were introduced as exhibits at trial, but they are still-shot photos taken from the hallway surveillance video, which was also introduced as an exhibit.

3



The video submitted as an exhibit shows that Ms. Robertson took three or four steps once she comes in view of the surveillance camera before she slips and falls to the floor. The custodian can be seen in the background mopping.

4

I agree with the majority that the school system's custodian's act of mopping was operational in nature. Our Supreme Court, in *Limbaugh v. Coffee Medical Center*, 59 S.W.3d 73, 85 (Tenn. 2001), noted that

> decisions that merely implement pre-existing policies and regulations are considered to be operational in nature and require the decision-maker to act reasonably in implementing the established policy. If the policy, regulation, or other standard of procedure mandates specific conduct, then any employee reasonably complying with that direction will not abrogate the entity's immunity if the action furthers the underlying policies of the regulation. . . . If such an employee does not act reasonably but pursues a course of conduct that violates mandatory regulation, the discretionary function exception will not apply because the action would be contrary to the entity's established policy.

(Internal citations omitted.) The question becomes whether the custodians in this case acted reasonably. The majority concludes that the custodian, Mr. Mitchell, did not move the wet-floor signs to indicate that a larger area had been mopped. Nor did another custodian, who knew Ms. Robertson was in her classroom, verbally warn Ms. Robertson of the mopping in the hallway.

However, reading the *Limbaugh* citation above fully, the Tennessee Supreme Court indicates that the opposite of "acting reasonably" is "pursu[ing] a course of conduct that violates mandatory regulation." *Limbaugh*, 59 S.W.3d at 85. The regulation in this case requires the custodian to "always put the wet floor signs out until the area is completely dry." As the photos included herein indicate, two wet floor signs were placed in the hallway. This action simply cannot be classified as a "course of conduct that violates mandatory regulation." *Limbaugh,* at 85. I fail to see how the placement of two wet-floor signs, as depicted in the photographs above, is unreasonable. The trial court and the majority determined that the absence of a wet-floor sign on the <u>right</u> side of the hallway was not a reasonable implementation of the mopping policy. However, the policy does not require signs on every square foot of the hallway, nor should it.

I also disagree with the majority's decision to re-allocate fault among the parties. The trial court assigned 25% fault against Ms. Robertson, and the majority determines she had no fault in her injuries. I find this particularly curious since the majority apparently expects the school custodian to pepper the school hallway with wet-floor signs in order to reasonably comply with the "mopping policy," yet the same safety program specifically requires professional staff to "pay close attention to wet floor signs." The majority determines that Ms. Robertson "acted reasonably in walking out of her classroom to attend an afternoon meeting," but it declines to note that she did not act

5

reasonably in failing to see a wet-floor sign directly across the hallway from her classroom door and another a few feet away. Individuals have a duty to see what is in plain sight, including wet floor signs. *See Easley v. Baker*, No. M2003-02752-COA-R3CV, 2005 WL 697525 (Tenn. Ct. App. March 24, 2005). If any re-allocation of fault should occur in this case, it should be that Ms. Robertson was more than fifty percent at fault.

_____
BRANDON O. GIBSON, JUDGE